EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Fidencia Amparo Bonilla Sánchez<br><br>Peticionaria<br><br>v.<br><br>Oria F. Orta y otros<br><br>Recurridas | Certiorari<br><br>2026 TSPR 32<br><br>218 DPR \_\_\_ |

Número del Caso:  CC-2024-0793


Fecha:  30 de marzo de 2026


Tribunal de Apelaciones:  Panel VII


Representante legal de la parte peticionaria:

    Lcdo. José F. Gierbolini Bonilla


Representante legal de la parte recurrida:

    Lcda. María Eugenia Calderón Martínez


Materia: Procedimiento Civil – Relación entre el plazo de los 120 días para emplazar que establece la Regla 4.3(c) de Procedimiento Civil, con el procedimiento de sustitución de parte por muerte de una persona demandada que regula la Regla 22.1(b) de Procedimiento Civil.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Fidencia Amparo Bonilla
Sánchez

      Peticionaria

         v.

Oria F. Orta y otros

      Recurridos

CC-2024-0793    Certiorari

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 30 de marzo de 2026.

Desde la aprobación de las Reglas de Procedimiento Civil de 2009, esta es la primera vez que debemos evaluar la relación entre el plazo de los 120 días para emplazar que establece la Regla 4.3(c) de Procedimiento Civil, *infra*, con el procedimiento de sustitución de parte por muerte de una persona demandada que regula la Regla 22.1(b) de Procedimiento Civil, (32 LPRA Ap. V). Esto es, debemos considerar si los 120 días para emplazar se activan cuando se ordena la sustitución de parte solicitada o si, por el contrario, se requiere (como es la pauta en otras circunstancias) la expedición del formulario para el emplazamiento personal o la notificación de la orden que concede el emplazamiento por edicto oportunamente solicitado.

Por las razones que expondremos a continuación, resolvemos que, de acuerdo con la casuística discutida en esta Opinión, el plazo de 120 días se activa con la expedición del formulario para el emplazamiento personal o la notificación de la orden que autoriza el emplazamiento por edicto oportunamente solicitado. Esto aplica únicamente luego del cumplimiento oportuno y cabal de la formalidad dispuesta en la Regla 22.1(b) de Procedimiento Civil, *supra*, cuyo trámite inicia cuando se notifica la muerte de la parte.

**I**

El 16 de junio de 2023, la Sra. Fidencia Amparo Bonilla Sánchez (peticionaria) presentó una *Demanda* en la que reclamó daños y perjuicios en contra del Sr. José García Pérez y la Sra. Oria F. Orta, la Sociedad Legal de Gananciales compuesta por ambos, y la aseguradora Multinational Insurance Company (Multinational)(en conjunto, parte recurrida).

El 19 de julio de 2023, la señora Oria Orta y Multinational, comparecieron al pleito mediante un escrito intitulado *Moción asumiendo representación legal* para, en primer lugar, renunciar a su derecho a ser emplazadas y, a su vez, para notificar que el señor José García había fallecido.

En respuesta, **el 20 de septiembre de 2023**, la peticionaria presentó una *Moción de sustitución de parte.* Allí reconoció que la señora Orta era parte de la sucesión del finado y que, a excepción de esta, desconocía quiénes eran los miembros que la componían. Así, suplicó al Tribunal de Primera Instancia que enmendara la *Demanda* para incluir a la sucesión y que, para identificarlos, le ordenara a la parte demandada a producir el testamento, la declaratoria de herederos o, en su defecto, que informara quiénes son los miembros que componen la sucesión.

El **21 de septiembre de 2023**, el Tribunal de Primera Instancia determinó lo siguiente:

> Ha lugar. Se permite la sustitución de parte anunciada. Se apercibe que la parte demandante podrá utilizar los procedimientos de descubrimiento de prueba para identificar los miembros de la Sucesión del Sr. José F. García Pérez o en su defecto emplazarlos conforme la [Regla 4.6 de Procedimiento Civil].[1]

En atención a lo anterior, y en la misma fecha de la orden, la parte peticionaria le acreditó al Tribunal de Primera Instancia que circuló varios mecanismos de descubrimiento de prueba para la parte recurrida.[2]

El **11 de diciembre de 2023**, la parte recurrida presentó un *Escrito al expediente judicial* en el cual notificó al Tribunal de Primera Instancia que cursó la contestación del P*rimer pliego de interrogatorios* y la *Producción de documentos* donde, entre otros, entregó la *Declaratoria de herederos* de la sucesión.

Posteriormente, el 26 de febrero de 2024, la parte recurrida presentó una *Moción de desestimación por falta de jurisdicción* al amparo de las Reglas 4.3(c) y 10.2 de Procedimiento Civil, *supra*. En el escrito, planteó ausencia de parte indispensable fundamentado en que la peticionaria no emplazó a los miembros de la sucesión del señor García dentro del término de 120 días dispuesto por las Reglas de Procedimiento Civil. Aludió a la orden que concedió la sustitución de la parte y señaló que, en lo pertinente al caso en

---

[1] *Orden* de 21 de septiembre de 2023, Petición de *certiorari*, Apéndice, pág. 43.

[2] *Moción al expediente judicial*, Petición de *certiorari*, Apéndice, pág. 44. Según surge de la moción, la parte peticionaria cursó un *Primer Pliego de Interrogatorios, Requerimiento de Admisiones* y *Producción de Documentos*. Durante el proceso de descubrimiento de prueba, las partes tuvieron desavenencias que requirieron el intercambio de escritos y la intervención del Tribunal de Apelaciones por incumplimiento con el término para contestar el *Requerimiento de Admisiones*, según exige la Regla 33 de Procedimiento Civil, *supra*.

cuestión, estaba disponible el emplazamiento por edicto y no se utilizó.

Argumentó que, el 11 de diciembre de 2023, se le remitió la *Declaratoria de Herederos* por lo que, desde entonces, la peticionaria conocía los miembros de la Sucesión. Explicó que habían transcurrido más de 120 días desde notificada la orden que autorizó la sustitución de parte **sin que se hubiera solicitado la expedición de los emplazamientos** -ni que se hubieran diligenciado-, por lo que procedía la desestimación del pleito sin perjuicio.

En respuesta, el **26 de marzo de 2024**, la peticionaria se opuso a la moción desestimatoria. En esta argumentó que era inaplicable el término de los 120 días para diligenciar el emplazamiento porque el descubrimiento de prueba no había concluido y que el plazo comenzaría cuando este culminara. A su vez, **en esa fecha**, presentó una *Moción al expediente solicitando se expida emplazamientos en formato digital*. En esta, anejó dos formularios de emplazamientos dirigidos al Sr. Víctor Manuel García Orta y Mariola Oruña García, hijo y nieta respectivamente, del señor García Pérez.

El **27 de marzo de 2024**, el Tribunal de Primera Instancia notificó una *Sentencia* mediante la cual desestimó sin perjuicio la causa de acción. Concluyó que, desde el 11 de diciembre de 2023, la parte peticionaria estaba en condiciones para solicitar la expedición de los emplazamientos a nombre de la sucesión, pero no lo hizo. Esgrimió que no existía ningún fundamento válido que justificara interrumpir el término de 120 días. En detalle, explicó lo siguiente:

> Examinados los autos, surge que la parte demandante nunca presentó el formulario para expedir emplazamientos y/o solicitó la expedición de emplazamientos para los Miembros

> de la Sucesión de José E. García Pérez dentro del término de 120 días a partir de haber realizado [sic] la sustitución de parte. Así, a esta fecha ha transcurrido en exceso el término de 120 días dispuesto por la Regla 4.3 (c) de Procedimiento Civil de Puerto Rico sin que se haya acreditado el diligenciamiento de los emplazamientos por la parte demandante a la demandada Sucesión de José E. García Pérez.
>
> […] Ante esta realidad, el Tribunal carece de jurisdicción en cuanto a la parte demandada Sucesión de José E. García Pérez. Adviértase que, **no tenemos discreción para prorrogar el término para emplazar** a base de lo resuelto en Bernier González v. Rodríguez Becerra 200 DPR 637 (2018). Por los fundamentos antes expuestos, se declara **Ha Lugar la solicitud de desestimación** y se adoptan e incorporan por referencia a este escrito los fundamentos de la Moción de Desestimación por Falta de Jurisdicción [47], presentado por la parte demandada, Oria E. Orta viuda de García, el 26 de febrero de 2024. **En consecuencia, se desestima la demanda de epígrafe Sin Perjuicio.** (Énfasis en el original).[3]

La peticionaria presentó una *Moción de reconsideración* en la que reiteró sus planteamientos de que el descubrimiento de prueba no había concluido y, por ende, el plazo de 120 días no había comenzado a transcurrir. Además, solicitó al foro primario que expidiera los emplazamientos para emplazar a los miembros de la sucesión del finado demandado o que autorizara la enmienda a la demanda para prescindir de estos integrantes y continuar la causa de acción contra la aseguradora.

Atendida la oposición de la parte recurrida, el Tribunal de Primera Instancia denegó reconsiderar su dictamen. Por ello, oportunamente, la peticionaria presentó un recurso de *Apelación* ante el Tribunal de Apelaciones. Examinados los planteamientos esgrimidos por las partes, el Tribunal de Apelaciones notificó una *Sentencia* mediante la cual, luego de modificarla, confirmó el dictamen apelado. El foro apelativo intermedio concluyó que procedía desestimar la *Demanda* únicamente en contra de la señora Orta, pero no en cuanto a Multinational. Según expuso dicho foro, esta última

---

[3] Petición de *certiorari*, Apéndice, págs. 3-4, *Sentencia* del Tribunal de Primera Instancia.

fue debidamente emplazada, compareció al pleito y nuestro ordenamiento jurídico reconoce la facultad de la persona perjudicada para demandar al asegurado y a su aseguradora, por lo que un promovente pudiera ir únicamente en contra de esta última.

Infructuosamente, la peticionaria presentó una *Moción de reconsideración* e, inconforme, presentó el recurso de epígrafe que nos ocupa. En esencia, y como cuestión de umbral, reiteró los planteamientos sobre que no procedía la desestimación porque el plazo de los 120 días no había comenzado a decursar, toda vez que no había concluido el descubrimiento de prueba que permitió el Tribunal de Primera Instancia cuando autorizó la sustitución de parte.

Ahora bien, estando el recurso ante este Foro, advinimos en conocimiento que la señora Orta falleció el 20 de marzo de 2024. Es decir, la señora Orta falleció días antes de que el foro primario dictara la *Sentencia* en la que desestimó la causa de acción sin perjuicio. Surge del Sistema Unificado de Manejo y Administración de Casos (SUMAC) que, el 17 de octubre de 2024, cuando el caso se encontraba en etapa de reconsideración ante el Tribunal de Apelaciones, la aseguradora presentó una *Moción informativa* en el Tribunal de Primera Instancia en la que anejó el certificado de defunción de la Sra. Orta.[4]

Como resultado, el 28 de octubre de 2024, la peticionaria acreditó la notificación de la aseguradora mediante la presentación de una *Moción de sustitución de parte*.[5] Sin embargo, el Tribunal de

---

[4] Caso ante el TPI, Entrada Núm. 63 de SUMAC, *Moción Informativa* presentada por la representante legal de Multinational Insurance Company. Junto a la moción, la aseguradora anejó el certificado de defunción de la Sra. Oria Orta.

[5] Caso ante el TPI, Entrada Núm. 64 de SUMAC, *Moción de sustitución de parte* presentada por la peticionaria.

Primera Instancia no refirió el asunto ante el Tribunal de Apelaciones foro que, conforme a la Regla 82 del Reglamento del Tribunal de Apelaciones, (4 LPRA Ap. XXII-B), tenía jurisdicción para atender el asunto de la sustitución de parte. El 29 de octubre de 2024, el foro primario se limitó a disponer:

> "Enterado. Adviértase que no se ha recibido mandato del TA, por lo que una vez se reciba y el TPI readquiera jurisdicción se podrá autorizar enmendar el epígrafe del caso a los fines de eliminar el nombre de Doña Oria E. Orta Vda. de García como parte demandada y sustituir por los miembros de su Sucesión identificados por la parte demandante, a saber, José Enrique García Pérez y Mariola Oruña, hijo y nieta de la Sra. Orta Vda. de García."[6]

La peticionaria no logró que el Tribunal de Apelaciones reconsiderara su posición y, entonces, acudió ante nos con el recurso de epígrafe. La aseguradora, en representación de sí y de la señora Orta, se opuso al recurso de *certiorari* sin advertirnos. Expedimos el auto y, al igual que el Tribunal de Apelaciones, nos encontramos ante un recurso que está perfeccionado para resolver los méritos de la controversia.

Como corolario de lo anterior, tomamos conocimiento judicial de que la señora Orta falleció antes de que el Tribunal de Primera Instancia dictara la *Sentencia* desestimando la causa de acción sin perjuicio a su favor. Además, analizada la situación procesal, en el dictamen apelado y modificado por el Tribunal de Apelaciones, no existe un efecto adverso o derecho afectado para la señora Orta ni para la sucesión de ella ni como tampoco lo hubo para la sucesión del señor García Pérez al momento de que el Tribunal de Primera Instancia dictara la Sentencia desestimando la causa de acción sin

---

[6] Caso ante el TPI, Entrada Núm. 65 de SUMAC, *Solicitud de sustituir parte* emitida por el Tribunal de Primera Instancia.

perjuicio.[7] Por esto, este Tribunal no está impedido a resolver el caso ante nos.

Por todo lo anterior, y contando con el beneficio de los alegatos de ambas partes, nos encontramos listos para resolver, no sin antes esbozar el derecho aplicable.

II

**A. Emplazamiento**

La Regla 4 de Procedimiento Civil, *supra*, regula el proceso y las formalidades del emplazamiento en los pleitos civiles. En esencia, y de ordinario, existen varias formas de diligenciar un emplazamiento para que -conforme a derecho- el Tribunal de Primera Instancia pueda adquirir jurisdicción sobre la persona. A saber: renuncia al emplazamiento personal; emplazamiento personal; y emplazamiento por edicto.[8] Salvo la renuncia al emplazamiento que tiene un procedimiento particular, la Regla 4.3(c) de Procedimiento Civil, *supra*, atiende el plazo para el emplazamiento personal y por edicto. La misma establece que:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos **una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga**. […] (Énfasis nuestro).

Hemos expresado que esta regla contempla varios aspectos procesales medulares sobre el emplazamiento. A saber: (1) el término que tiene el demandante para emplazar; (2) desde cuándo comienza a

---

[7] Destacamos que aquí radica la distinción en lo resuelto en la *Sentencia* que emitimos en *Oriental Bank v. Pagán Acosta y otros*, 2024 TSPR 133, 215 DPR __ (2024), resuelto el 16 de diciembre de 2024.

[8] Reglas 4.4 a la 4.6 de Procedimiento Civil, *supra*.

transcurrir dicho término; (3) en qué momento la Secretaría del Tribunal de Primera Instancia debe expedir los emplazamientos; (4) qué sucede si la Secretaría no expide los emplazamientos en el momento preciso; y (5) el efecto dispositivo que tendrá la causa de acción si el demandante no logra diligenciar los emplazamientos conforme a esta regla.[9]

Todos estos aspectos procesales han sido objeto de diversas controversias. Por ejemplo, en *Bernier González v. Rodríguez Becerra,* 200 DPR 637 (2018), resolvimos que: (1) el plazo de 120 días para emplazar es improrrogable;[10] (2) que una vez transcurridos los "120 días sin diligenciar los emplazamientos, el Tribunal de Primera Instancia est[á] obligado a desestimar la demanda de forma automática ello, sin concesión de prórroga alguna";[11] (3) el foro primario no tiene discreción para prorrogar el plazo de 120 días desde que la Secretaría expide los emplazamientos ni puede autorizar el emplazamiento por edicto luego de consumado este plazo;[12] (4) un primer incumplimiento con relación al plazo acarrea la desestimación automática sin perjuicio, pero la segunda ocasión tendrá el efecto de una adjudicación en los méritos, es decir la desestimación será con perjuicio.[13]

Por otro lado, en *Sánchez Ruiz v. Higueras Pérez et al.,* 203 DPR 982 (2020), reiteramos que a los emplazamientos no les aplica la Regla 68.2 de Procedimiento Civil, *supra*, por lo que, en un pleito civil ordinario, un tribunal no puede reducir, acortar o

---

[9] *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 648 (2018).

[10] Íd., pág. 649.

[11] Íd., pág. 651.

[12] Íd., pág. 650.

[13] Íd., pág. 652.

disminuir el término de 120 días para el diligenciamiento de un emplazamiento personal o por edicto.[14] Esto se debe a la drástica consecuencia que acarrea la desestimación de una demanda.[15]

En esa ocasión, determinamos que **el demandante que no logre emplazar personalmente dentro del término de 120 días desde la expedición de los emplazamientos puede solicitar autorización para emplazar por edicto**. Sin embargo, esto será posible siempre que la parte demandante presente: (1) la petición **antes de que finalice el término de los 120 días** para el diligenciamiento personal del emplazamiento; y (2) la declaración jurada que acredite las diligencias infructuosas realizadas.[16] De esta manera, **la parte demandante tendrá un nuevo plazo improrrogable de 120 días para emplazar por edicto que comenzará a decursar una vez se autorice el emplazamiento por edicto**.[17]

Posteriormente, atendimos *Pérez Quiles v. Santiago Calderón*, 206 DPR 379 (2021), y allí expresamos que la Secretaría del foro primario tiene el deber ministerial de expedir los emplazamientos el mismo día en que se presente la demanda, siempre que la parte demandante entregue con esa primera alegación el formulario de

---

[14] *Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982, 987 (2020); *Pietri González v. Tribunal Superior*, 117 DPR 638 (1986), *Ortalaza v. F.S.E.*, 116 DPR 700, 703-704 (1985). Es importante tener presente que, aunque no es objeto de controversia en el recurso de autos, existen recursos extraordinarios o causas de acción cuyo término para emplazar es de menos de 120 días.

[15] Íd.

[16] Véase *Sánchez Ruiz v. Higuera Pérez et al.*, *supra*, págs. 988-989. En esa oportunidad y de manera resumida nos expresamos sobre las diligencias aceptables que debe realizar la persona que gestione el emplazamiento personal y el contenido de la declaración jurada para acreditar los trámites realizados para citar al demandado personalmente. *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 23 (1993); *Global v. Salaam*, 164 DPR 474, 482 (2005).

[17] *Sánchez Ruiz v. Higuera Pérez et al.*, *supra*, págs. 994-995; *Bernier González v. Rodríguez Becerra*, *supra*, pág. 650.

emplazamiento.[18] Si la Secretaría los expide, comienza a transcurrir el término de los 120 días para diligenciarlos.[19] Este es el escenario ordinario e ideal.

Ahora bien, si la Secretaría no expide los emplazamientos en la misma fecha de presentación de la demanda, la Regla 4.3(c) de Procedimiento Civil, *supra*, dispone que "el tiempo que se haya demorado Secretaría será el mismo tiempo adicional que el tribunal otorgará para gestionar el diligenciamiento[,] una vez el demandante presente oportunamente una solicitud [o moción] de prórroga".[20]

Esa llamada "moción de prórroga" en realidad constituye una *Solicitud para la expedición de los emplazamientos presentados con la demanda*. Una vez la Secretaría los expida, "comenzará a transcurrir el término de 120 días. Por eso, no se trata en realidad de una prórroga debido a que, en ninguna de estas circunstancias, la parte contará con más de 120 días".[21] Asimismo, esta moción no es un requisito *sine qua non* para que la Secretaría expida el emplazamiento cuando no lo hizo el día que presentó la demanda con el formulario correspondiente.

Por lo tanto, en ese caso concluimos que si la Secretaría -*motu proprio*- expide los emplazamientos en una fecha posterior, desde ese momento es que comenzará a transcurrir el término de los

---

[18] *Bernier González v. Rodríguez Becerra*, *supra*, págs. 648-649; Regla 4.1 de Procedimiento Civil, *supra*; *Bco. Des. Eco. v. AMC Surgery*, 157 DPR 150, 155 (2002). Resaltamos que, en cuanto al contenido del formulario del emplazamiento, hemos expresado que el o los nombres de las personas (naturales o jurídicas) que compongan la parte demandada se harán constar en el formulario de emplazamiento y este tiene que expedirse por separado para cada parte demandada. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 481 (2019).

[19] *Bernier González v. Rodríguez Becerra*, *supra*, pág. 649; *Torres Zayas v. Montano Gómez et als.*, 199 DPR 458 (2017).

[20] *Bernier González v. Rodríguez Becerra*, *supra*; Regla 4.3(c) de Procedimiento Civil, *supra*.

[21] *Bernier González v. Rodríguez Becerra*, *supra*, pág. 650; *Bco. Des. Eco. v. AMC Surgery*, *supra*, pág. 157.

120 días para diligenciarlos.[22]   El punto de partida es que la Secretaría expida los emplazamientos, ya sea *motu proprio* o ante una solicitud de la parte demandante, para que el término de 120 días para emplazar comience a transcurrir porque, de lo contrario, "la parte demandante no tiene nada que diligenciar. En consecuencia, sería improcedente descontarle tiempo alguno".[23]

En síntesis, **en todos los casos que hemos atendido, los 120 días para diligenciar un emplazamiento y las consabidas consecuencias se activan única y exclusivamente desde que la**

---

[22] *Pérez Quiles v. Santiago Cintrón,* 208 DPR 379, 390 (2021).

[23] *Pérez Quiles v. Santiago Cintrón*, *supra*, págs. 387-388.  Resaltamos que este Tribunal ha resuelto otras controversias concernientes al emplazamiento al amparo de las Reglas de Procedimiento Civil de 2009. Por ejemplo, en *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994 (2021), precisamos las consecuencias de la omisión de la fecha de publicación del emplazamiento por edicto y los efectos de una enmienda a un emplazamiento por edicto dentro del término reglamentario. Asimismo, en *Martajeva v. Ferré Morris y otros,* 210 DPR 612 (2022), resolvimos que el plazo para diligenciar el emplazamiento se suspende cuando el tribunal detiene los procedimientos hasta que la parte demandante no residente presta la fianza pues, de acuerdo con la Regla 69.5 de Procedimiento Civil, *supra*, toda persona demandante que no resida en Puerto Rico debe prestar una fianza. Esta exigencia busca proteger a la parte demandada ante la posibilidad de no poder recuperar los costos, gastos y honorarios de abogado en caso de prevalecer, y su objetivo es garantizarle el pago de dichas costas y desalentar la presentación de pleitos frívolos o carentes de mérito. Íd. pág. 622.

Recientemente, en *Ross Valedón v. Hospital Dr. Susoni et al.*, 213 DPR 481 (2024), este Tribunal interpretó la segunda parte de la Regla 4.3(c) de Procedimiento Civil, *supra*. En dicho caso se pautó que, ante un primer incumplimiento con el término de 120 días para diligenciar los emplazamientos, los tribunales están obligados a dictar prontamente una sentencia decretando la desestimación y el archivo sin perjuicio de la reclamación judicial. Asimismo, aclaró que, en las ocasiones en que se incumpla con la Regla 4.3(c) de Procedimiento Civil, *supra*, lo que corresponde es poner en vigor sus efectos, decretar la desestimación sin perjuicio y no dar por desistido el caso. Sobre esto, explicamos lo siguiente:

"Lo contrario --esto es, permitir el desistimiento sin perjuicio--, podría dar paso a que en el supuesto de que se presente una segunda reclamación sobre los mismos hechos y se incumpla nuevamente con la regla precitada, tal desestimación no sea con perjuicio, ya que el pleito original no se desestimó, sino que se entendió desistido sin perjuicio. Rechazamos tal pretensión, pues, sería improcedente permitir que una parte que falló en diligenciar los emplazamientos pueda desistir del pleito y, con ello, se escude de los efectos de su incumplimiento. En su lugar, reafirmamos que desistir de un pleito sin la autorización del tribunal no está disponible cuando tal petitorio se realiza luego de haber incumplido con la Regla 4.3(c) de Procedimiento Civil, supra. Al realizar esta interpretación, descartamos expresamente la pretensión de que, ante el incumplimiento con el diligenciamiento de los emplazamientos en el término concebido, la causa de acción queda desestimada automáticamente sin que sea necesaria la intervención de los tribunales". Íd., pág. 493.

**Secretaría del Tribunal de Primera Instancia expide el formulario**
**para el diligenciamiento personal y, en el caso de los**
**emplazamientos por edictos, el plazo comienza desde que el foro**
**primario emite la orden autorizándolo.**

Debido a la controversia que tenemos ante nuestra consideración, veamos cómo incide esta normativa del plazo de los 120 días para emplazar sobre el procedimiento de sustitución de parte por muerte de una persona demandada según regula la Regla 22.1(b) de Procedimiento Civil, *supra*.

**B. Sustitución de parte por causa de muerte**

A pesar de que el concepto de la sucesión es uno abarcador, en esencia, esta se compone de las personas llamadas por ley, o por testamento, a recibir por herencia los derechos y las obligaciones que sean transmisibles solo por el hecho de la muerte del causante.[24] La persona o las personas naturales o jurídicas que componen la sucesión se colocan "en el lugar de otra o de otras, de manera que aqu[e]lla o aqu[e]llas asuman la posición de las últimas".[25] Cuando nace la sucesión por el fallecimiento del causante, según le correspondía al finado, los llamados a sucederlo asumirán su posición jurídica, ya sea como "deudor, acreedor, dueño, poseedor, nudo propietario, arrendador o arrendatario, tal y como lo era el sucedido".[26] Es decir, "los sucesores están llamados a ocupar, por la ley o por el testamento, la posición jurídica en la que se

---

[24] *Ruiz Mattei v. Commercial Equipment,* 214 DPR 407, 418 (2024). Arts. 1546 y 1552 de la Ley Núm. 55-2020, conocida como Código Civil de Puerto Rico de 2020 (Código Civil de 2020) (31 LPRA secs. 10911 y 10917).

[25] *Ruiz Mattei v. Commercial Equipment*, *supra*, pág. 417 (citando a E. González Tejera, *Derecho de sucesiones: La sucesión intestada*, San Juan, Ed. Universidad de Puerto Rico, 2001, T. I, pág. 2).

[26] Íd.

encontraba su causante antes de haber fallecido".[27] En lo pertinente a la controversia que nos ocupa, "la sucesión también está llamada a sustituir a su causante cuando al momento de fallecer, este era parte en una causa civil pendiente".[28]

La sustitución de parte por muerte está regulada por la Regla 22.1 de Procedimiento Civil de 2009, *supra*. En específico, el inciso (b) de la referida regla expone el procedimiento a seguir cuando por la muerte de una parte la causa de acción no se extingue:

> (b) Si una parte fallece y la reclamación no queda por ello extinguida, cualquiera de las partes en el procedimiento o sus abogados o abogadas notificarán el fallecimiento al tribunal y a las otras partes dentro del término de treinta (30) días, contados desde la fecha en que se conozca tal hecho. El tribunal, a solicitud hecha dentro de los noventa (90) días siguientes a la fecha de dicha notificación, ordenará la sustitución de la parte fallecida por las partes apropiadas. Los(Las) causahabientes o representantes podrán presentar la solicitud de sustitución del(de la) finado(a), y dicha solicitud se notificará a las partes en la forma dispuesta en la Regla 67 de este apéndice y a las que no lo sean en la forma que dispone la Regla 4 de este apéndice. La demanda se enmendará a los únicos fines de conformar la sustitución e incorporar las nuevas partes al pleito. Transcurrido el término sin haberse solicitado la sustitución, se dictará sentencia desestimando el pleito, sin perjuicio.[29]

---

[27] *Ruiz Mattei v. Commercial Equipment*, *supra*, pág. 418.

[28] Íd.

[29] Destacamos que el inciso (a) de la Regla 22.1 de Procedimiento Civil, *supra*, dispone que "[s]i una parte fallece y la reclamación queda por ello extinguida, se dictará sentencia desestimando el pleito". En este escenario procede la desestimación del pleito porque, a causa del deceso de la parte, se extingue el derecho que reclamaba. Por otro lado, el inciso (c) de la referida regla, establece que "(c) [d]e fallecer uno o más demandantes, o uno o más demandados, que fueren partes en un pleito en que el derecho reclamado subsista sólo a favor de los demandantes o en contra de los demandados que sobrevivan, el pleito no finalizará. Se consignará en los autos el hecho de la muerte y el pleito continuará en favor o en contra de las partes sobrevivientes". Nótese, que este inciso atiende la situación de que en el pleito están acumuladas la persona o todas las personas que deben ser parte en un pleito, ya sea como parte demandante o demandada y ocurre que, activo el litigio, uno o varios fallecen y por causa de la muerte de aquel o estos, la causa de acción no se extingue. Mediante lo regulado por este inciso, basta la mera consignación de la muerte para que el pleito continue, ya sea a favor o en contra de las partes sobrevivientes. En esta opinión, única y exclusivamente examinamos el inciso (b) de la Regla 22.1 de Procedimiento Civil, *supra*.

Cabe señalar que, antes de la aprobación de las Reglas de Procedimiento Civil en el 2009, la Regla 22.1 (a), *supra*, era la que regulaba el procedimiento de la sustitución de parte que atendemos. En el *Informe de las Reglas de Procedimiento Civil* de 2008, *infra*, se expuso que:

> Tanto las partes como sus abogados tienen el deber de notificar al tribunal, y a las demás partes, sobre el fallecimiento de la parte en un término de treinta (30) días, a partir del conocimiento del fallecimiento. Se enmendó la regla a los fines de reducir el término de seis (6) meses a noventa (90) días para solicitar la sustitución al tribunal por las partes apropiadas. La reducción en el término para solicitar la sustitución tiene el propósito de que los procedimientos judiciales se solucionen con rapidez y así evitar perjuicios a las partes. De otro lado, se modificó la regla para aclarar que[,] de no solicitarse la sustitución de la parte dentro del término establecido, el pleito podrá ser desestimado, sin perjuicio. **Cuando el tribunal vaya a sustituir a una parte fallecida por otra que no es parte en el pleito, será necesario que se adquiera jurisdicción sobre la persona, por lo que <u>será necesario emplazar y notificar la solicitud de sustitución de conformidad con la Regla 4</u>.** Una vez el tribunal ordena la sustitución de dicha parte la demanda se enmendará a los fines de añadir a las partes sustitutas en el pleito.[30]

Nótese, que el propósito de la referida regla se mantuvo intacto. En efecto, se reiteró que el inciso (b) de la Regla 22.1 de Procedimiento Civil, *supra*, constituye el mecanismo procesal adecuado para los casos en que una de las partes fallece, que por ello la acción no se extingue y que, por ende, puede continuarse el pleito a favor o en contra de la parte realmente interesada.[31] A su vez, en cumplimiento con la Regla 1 de Procedimiento Civil, *supra*, se redujo el término de 6 meses a 90 días para que se sustituya la parte por aquella que sea la apropiada.[32] El Informe enfatizó que,

---

[30] Secretariado de la Conferencia Judicial y Notarial, *Informe de Reglas de Procedimiento Civil*, marzo 2008, págs. 252-253 (Informe) (citando a *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 DPR 664 (1989)).

[31] *Informe*, pág. 252.

[32] Valga señalar que del Informe de las Reglas de Procedimiento Civil de 1978 sometido por el Comité de Procedimiento Civil de la Conferencia Judicial de Puerto Rico surge que antes de la aprobación de las Reglas de Procedimiento Civil de

de acuerdo con *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 DPR 664 (1989), se requiere adquirir jurisdicción sobre la persona que no es parte en el pleito para poder sustituir a la parte fallecida mediante el mecanismo del emplazamiento que regula la Regla 4 de Procedimiento Civil.

Así que, conforme con la Regla 22.1(b) de Procedimiento Civil, *supra*, cualquiera de las partes -demandante o demandada- o su representación legal tienen la obligación de notificar al tribunal que preside los procedimientos y a todas las partes acumuladas en el litigio el fallecimiento de una parte. **La notificación tiene que realizarse dentro de los 30 días, contados desde la fecha en que se advenga en conocimiento del fallecimiento de la parte del pleito que se trate.**

La fecha de la notificación del deceso de la parte activa el término de 90 días para solicitar la sustitución de la parte fallecida por la *parte apropiada*. La **parte apropiada** es aquella que, **conforme al derecho sustantivo que rige cada caso o causa de acción,** determina quién debe ser la persona idónea llamada a sustituir al causante en el litigio.[33] La identificación de la parte apropiada está atada al término de los 90 días para solicitarle al Tribunal de Primera Instancia la sustitución de la parte.

El caso ante nuestra consideración nos obliga a preguntarnos lo siguiente: ¿A qué responde la instauración de los 90 días? Este plazo se diseñó para que la parte interesada realice las

---

1979, la Regla 22.1 disponía un término de 2 años que comenzaba desde la notificación de la muerte de la parte hasta la solicitud de sustitución de parte en cuestión. https://poderjudicial.pr/Documentos/SecretariadoConf/Informe-Comite-Procedimiento-Civil-1978/Capitulo-IV.pdf, pág. 64. (Última visita 21 de noviembre de 2025).'

[33] *Vilanova et al. v. Vilanova et al.*, 184 DPR 824, 838 (2012).

investigaciones y gestiones correspondientes para identificar la parte apropiada que, a su vez **y de ordinario**, es parte indispensable que se debe acumular pues, sin su presencia, **el Tribunal no podría dictar sentencia a su favor ni en su contra**.[34] Por lo tanto, debido a que una sucesión puede figurar como parte demandante o demandada y que no tiene personalidad jurídica independiente de los miembros que la componen, es necesario que se particularice e individualice a cada uno de los causahabientes, tanto en la demanda enmendada como en los formularios de los emplazamientos.[35]

Ahora bien, una lectura de la Regla 22.1(b) de Procedimiento Civil, *supra*, sobre el proceso de sustitución de parte por razón de muerte nos obliga a que primero evaluemos si la persona que falleció figuraba como parte demandante o, por el contrario, como parte demandada. La Regla 22.1(b) en cuestión establece la solicitud de sustitución del finado y esta "se notificará a las partes en la forma dispuesta en la Regla 67 de este apéndice y a las que no lo sean en la forma que dispone la Regla 4 de este apéndice".

Obsérvese que la redacción de esta porción de la citada oración refleja que la frase está dividida y dirigida a dos sujetos distintos. Una lectura integrada de la oración implica que, por un lado, la solicitud de sustitución se notificará a los que **son parte** conforme a las normas de notificación que establece la Regla 67 de Procedimiento Civil, *supra,* y, por el otro, señala que, a los que **no sean parte** en el pleito, serán notificados mediante emplazamiento regulado por la Regla 4 de Procedimiento Civil, *supra*. Es decir, el

---

[34] *López García v. López García*, 200 DPR 50, 63 (2018); *García Colón at al. v. Sucn. González*, 178 DPR 527, 548 (2010).

[35] *Vilanova et al. v. Vilanova et al.*, *supra*, pág. 839. Véase Art. 1547 del Código Civil de 2020 (31 LPRA sec. 10912).

emplazamiento es el método para notificar la sustitución de la parte demandada que ha fallecido por su heredero.

Sobre este procedimiento y a modo general, el Prof. Rafael Hernández Colón expuso lo siguiente:

> La persona que se pretende incorporar- el sustituto- debe ser notificada por los medios que provee la R. 4, 2009, es decir, mediante un emplazamiento para que el tribunal adquiera jurisdicción sobre su persona. La sustitución puede hacerse bien por la parte contraria o bien por el sustituto. Si fallece una persona, su sucesión puede comparecer informando el hecho de la muerte del que era parte y solicitando que se sustituya a esa sucesión en lugar de aquel que era parte y ha fallecido. En ese caso, la sustitución se realiza por los mismos sustitutos. Si ellos no lo hacen, la parte contraria también lo puede hacer, pero como los sucesores no están ante el tribunal, la parte contraria tiene que traerlos a través de un emplazamiento según provee la R. 4, 2009.[36]

Cabe cuestionar, una vez activado el plazo de 90 días, ¿qué debe hacer o cómo debe proceder la parte interesada para cumplir con el trámite de la Regla 22.1(b)?

**Si se trata de la muerte de un demandante**, que es la parte que promueve la causa de acción, de ordinario y de acuerdo con la Regla 22.1(b), bastará que, **dentro del plazo de 90 días**, los causahabientes acreditados o sus representantes presenten una solicitud de sustitución del finado demandante que identifique a los herederos que conformen la nueva sucesión demandante y la notifiquen a todas las partes en el pleito según lo dispone la Regla 67 de Procedimiento Civil, *supra*.[37] Es importante que, junto con la solicitud de sustitución de parte, se presente la demanda enmendada

---

[36] R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 177.

[37] Íd., pág. 176. Es menester apuntar que, de ordinario, en aquellos casos en que un heredero no desee ser acumulado como parte demandante, la Regla 16.1 de Procedimiento Civil, *supra*, dispone que este deberá acumularse como parte demandada mediante el mecanismo de emplazamiento. Asimismo, de acuerdo con *Vilanova et al. v. Vilanova et al., supra*, si un heredero fue demandado por su causante antes de su muerte y la causa de acción no se extinguió con su deceso, el heredero permanecerá en el pleito como demandado.

que incluya de manera individual a cada miembro de la sucesión.[38]
Consecuentemente, "[u]na vez el tribunal ordena la sustitución de dicha parte la demanda se enmendará a los fines de añadir a las partes sustitutas en el pleito" para continuar la causa de acción.[39]

Por otro lado, **cuando se trata de la muerte de una parte que figuraba como demandada**, no necesariamente los herederos se someterán voluntariamente a la jurisdicción del tribunal (ya sea mediante la solicitud de sustitución al Tribunal o por el mecanismo de renuncia al emplazamiento). De ahí que, ante la ausencia de voluntariedad, las personas apropiadas que sustituirán a la parte demandada fallecida porque no son parte en el pleito serán notificadas mediante el mecanismo del emplazamiento.

En este escenario, la parte interesada tiene 90 días, desde la notificación de la muerte para: (1) identificar a la parte apropiada, esto es, a los causahabientes del finado que deben ser emplazados; (2) presentar la solicitud de la sustitución de parte; y (3) presentar la demanda enmendada para conformarla con cada integrante de la sucesión junto con el formulario para el emplazamiento particularizando también a cada miembro de la sucesión. El trámite así ejecutado satisface la Regla 22.1(b) de Procedimiento Civil, *supra*.

Entonces, conforme a la casuística discutida sobre el término para emplazar, una vez expedido el formulario de emplazamiento personal, se activan los 120 días para emplazar a cada integrante de la sucesión. Una vez se emplace, la parte demandante acreditará

---

[38] Véase *Vilanova et al. v. Vilanova et al., supra*. La enmienda a la demanda que se debe presentar para finiquitar el trámite de sustitución de parte debe ajustarse a las disposiciones sobre alegaciones enmendadas en la Regla 13 de Procedimiento Civil, *supra*.

[39] Regla 22.1(b) de Procedimiento Civil, *supra*.

la notificación de sustitución de parte mediante la presentación del diligenciamiento de los emplazamientos y el Tribunal de Primera Instancia ordenará la sustitución a los fines de añadir a las partes sustitutas en el pleito. Consumado lo anterior, "[u]na vez el tribunal ordena la sustitución de dicha parte[,] la demanda se enmendará a los fines de añadir a las partes sustitutas en el pleito".[40]

Lo anterior guarda relación con nuestros pronunciamientos en *Echevarría Jiménez v. Sucn. Pérez Meri, supra*, pág. 686, de que para finiquitar la notificación de la sustitución de la parte demandada se requiere emplazarla.

> [C]uando se requiera sustituir a una parte por otra que no está en el pleito, será necesario adquirir jurisdicción *in personam* sobre esta nueva parte. En este caso habrá que emplazar a la parte y notificarle de la solicitud de sustitución de partes de acuerdo con lo dispuesto en la Regla 4 de Procedimiento Civil[.]

Ahora bien, **¿qué procede en caso de no identificar a la parte apropiada en el término de los 90 días?** En primer lugar, la solución justa, rápida y económica de los procedimientos judiciales, es responsabilidad de todos los componentes de un litigio. Por lo tanto, las partes y sus representantes legales tienen la responsabilidad de poner en posición a los tribunales de los eventos acaecidos que inciden o puedan incidir en el trámite judicial. **Esto incluye el fallecimiento de una parte y la consecuente sustitución de esta conforme lo exige el procedimiento consagrado en la Regla 22.1(b) de Procedimiento Civil,** *supra,* **mientras el caso se dilucide en el Tribunal de Primera Instancia.** Lo anterior implica que las partes en un litigio deben obrar de buena fe y no dilatar

---

[40] Íd.

innecesariamente el trámite judicial, pues esto es contrario al principio que emana de la Regla 1 de Procedimiento Civil, *supra*.

En cuanto a las investigaciones y gestiones para identificar a los miembros de la sucesión, el descubrimiento de prueba en esta etapa de los procedimientos es un mecanismo adecuado para señalar la parte apropiada que debe sustituir a un demandado fallecido. Sin embargo, en este contexto, los mecanismos de descubrimiento de prueba deben limitarse a la materia concerniente a la identificación de los herederos y debe ajustarse al término dispuesto en la Regla 22.1(b) de Procedimiento Civil, *supra*.

Si con tal descubrimiento no se logra identificar a los miembros de la sucesión, la Regla 4.6(c) de Procedimiento Civil, *supra,* dispone que "**[c]uando se trate de partes demandadas desconocidas su emplazamiento se hará por edictos en conformidad con lo dispuesto en esta regla, dándose cumplimiento sustancial a dichas disposiciones en todo lo posible**".[41]

Así, ante la necesidad de emplazar por edicto a los herederos desconocidos porque el descubrimiento de prueba fue infructuoso o imposible, procede que, **dentro del término de los 90 días, la parte interesada presente la solicitud de la sustitución de parte y la demanda enmendada para conformarla con cada integrante de la sucesión con nombres ficticios por desconocer su identidad junto con la solicitud de autorización para emplazar por edicto.**[42] **Una vez**

---

[41] Negrillas suplidas.

[42] Téngase en cuenta que la Regla 15.4 de Procedimiento Civil, *supra*, dispone que: "Cuando una parte demandante ignore el verdadero nombre de una parte demandada, deberá hacer constar este hecho en la demanda exponiendo la reclamación específica que alega tener contra dicha parte demandada. En tal caso, la parte demandante podrá designar con un nombre ficticio a dicha parte demandada en cualquier alegación o procedimiento, y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación o procedimiento". Asimismo, será necesario considerar las disposiciones concernientes a las alegaciones enmendadas que atiende la Regla 13 de Procedimiento Civil, *supra*.

**el foro primario autorice el emplazamiento por edicto, se activa el**

**término de los 120 días para emplazar por edicto.**

Finalmente, surge del Informe, *supra*, y de la Regla 22.1(b)

de Procedimiento Civil, *supra*, que el incumplimiento con el trámite

de sustitución de parte conllevaría la desestimación contra el

finado. Así también lo afirma el Prof. Javier A. Echevarría Vargas,

al expresar:

> Esa sustitución no es discrecional y procederá siempre que se haya cumplido adecuadamente con las normas procesales impuestas en las Reglas de Procedimiento Civil. [De lo contrario, si] la sustitución no se realiza según dispuesto por las Reglas, el pleito será sobreseído en lo que respecta a la persona fallecida. Dicha desestimación será sin perjuicio.[43]

De manera que, existen alternativas para que la parte

interesada cumpla oportuna y cabalmente con el trámite establecido

en la Regla 22.1(b) de Procedimiento Civil, *supra,* para solicitar

la sustitución de la parte fallecida y evitar que el foro de

instancia desestime la causa de acción sin perjuicio.[44]

III

Como mencionamos, la peticionaria insiste en que no procedía

la desestimación de la *Demanda* porque el término de 120 días para

emplazar a la sucesión del señor García Pérez no había comenzado

---

[43] J. Echevarría Vargas, *Procedimiento civil puertorriqueño*, 1ra ed. rev., Colombia, Ed. Nomos, 2012, pág. 149.

[44] Cuando una parte fallece mientras un recurso está ante la consideración del Tribunal de Apelaciones o ante este Tribunal, existe una responsabilidad de notificar el hecho de la muerte al foro revisor correspondiente, según lo dispuesto en la Regla 82 del Reglamento del Tribunal de Apelaciones, (4 LPRA Ap. XXII-B), y en la Regla 42(a) de nuestro Reglamento, (4 LPRA Ap. XXI-B). Sin embargo, esta regla parte de la premisa que la representación legal de la parte que falleció notificará el hecho de la muerte en el foro revisor donde se encuentre pendiente un recurso y, de no solicitar la sustitución de parte voluntariamente, la otra parte podrá solicitar que se haga constar en los autos. De manera que, si la representación legal de la parte que falleció no lo notifica y la otra lo hace constar, el pleito seguirá tramitándose en la forma en que ordene el foro revisor que atiende el recurso.

porque el descubrimiento de prueba para identificar a los herederos no había culminado.

Por otro lado, la parte recurrida manifestó que debe mantenerse la desestimación, toda vez que el foro primario correctamente resolvió que la peticionaria conocía quiénes eran los miembros de la sucesión del señor García Pérez desde que recibieron la copia de la *Declaratoria de Herederos* el 11 de diciembre de 2023. **Adelantamos que, existen y acontecieron detalles del tracto procesal del caso ante nuestra consideración que nos obligan a confirmar el dictamen del Tribunal de Apelaciones**. Veamos.

Según reseñamos, mediante el mecanismo de renuncia al emplazamiento, el 19 de junio de 2023, Multinational y la señora Orta se sometieron a la jurisdicción del foro primario y notificaron que el esposo de esta, el señor García Pérez, falleció en el 2021. La fecha de notificación activó el término de los 90 días para que, en o antes de ese plazo, la peticionaria realizara el trámite correspondiente para solicitar la sustitución del señor García Pérez por su sucesión que, conforme con el derecho sustantivo reclamado, los miembros que la componen son la parte apropiada.

Transcurridos 60 días de los 90 establecidos por la Regla 22.1(b) de Procedimiento Civil, *supra*, la peticionaria solicitó autorización para la sustitución del señor García Pérez. En esta explicó que "solicita[ba] la sustitución de la parte **por la Desconocida Sucesión del Sr. José F. García Pérez**, denominada así **por conocer solo uno de sus miembros,** la codemandada, Sra. Oria F. Orta".[45] Expuso que, salvo por el nombre, la enmienda a la demanda que se solicitó se dirigía únicamente para sustituir al fenecido

---

[45] *Demanda*, Petición de *certiorari*, Apéndice, pág. 39.

para todos los efectos legales. A su vez, reconoció que era necesario emplazar a los que no son parte del pleito y requirió al Tribunal de Primera Instancia que enmendara el epígrafe del caso para conformarlo con las partes demandadas correspondientes. De esta manera, **suplicó** **al foro primario** que le ordenara a la parte recurrida que produjera el testamento o declaratoria de herederos o, en su defecto, que informara quiénes eran los integrantes de la sucesión del señor García Pérez. En consecuencia, peticionó la enmienda a la demanda para que reflejara la sustitución. Reproducimos nuevamente la orden:

> **Ha lugar**. Se permite la sustitución de parte **anunciada**. Se **apercibe** que la parte demandante **podrá utilizar** los procedimientos de descubrimiento de prueba **para identificar** los miembros de la Sucesión del Sr. José F. García Pérez **o en su defecto emplazarlos** conforme la regla 4.6 de procedimiento civil. (Negrillas suplidas).[46]

Una lectura de la orden en cuestión refleja que el foro primario concedió la petición conforme a la súplica. Consecuentemente, permitió la sustitución de la señora Orta para colocarla como heredera demandada que ya era parte del pleito y no como miembro de la Sociedad Legal de Gananciales que compartía con el finado y que, a causa de su deceso, quedó extinguida ni la consideró como demandada en su carácter personal. A su vez, en aras de orientar, le apercibió a la peticionaria que podía valerse de los mecanismos de descubrimiento de prueba para identificar a los integrantes de la sucesión del señor García Pérez o los emplazara por edicto.

El 11 de diciembre de 2023, la parte recurrida le entregó a la peticionaria la *Declaratoria de herederos* cuando contestó el

---

[46] *Orden* de 21 de septiembre de 2023, *supra*.

*Primer Pliego de Interrogatorio* y *Producción de Documentos*. Sin embargo, la peticionaria no solicitó la expedición de los formularios de los emplazamientos de los herederos identificados en la *Declaratoria de herederos* ni solicitó la autorización de emplazar por edictos a los miembros desconocidos de la sucesión.

La parte recurrida solicitó la desestimación de la causa de acción porque, según se alegó, la sucesión era parte indispensable y la peticionaria presentó su oposición. Entonces, el **26 de marzo de 2024**, esta última, **sin presentar la demanda enmendada,** le solicitó al foro primario que expidiera los formularios de emplazamientos dirigidos al señor García Orta y la señora Oruña García, hijo y nieta del finado, respectivamente. Al día siguiente, el **27 de marzo de 2024**, el Tribunal de Primera Instancia dictó *Sentencia* mediante la cual desestimó la causa de acción sin perjuicio. Específicamente, el foro de instancia fundamentó su postura en que transcurrieron más de 120 días sin que la peticionaria presentara los formularios ni solicitara la expedición de los emplazamientos de los miembros de la sucesión desde que se autorizó la sustitución de la parte.

Ante la controversia particular que nos atañe, integramos la relación entre la Regla 22.1(b), *supra*, sobre el trámite para solicitar la sustitución de la parte con la Regla 4.3(c) de Procedimiento Civil y la casuística desarrollada sobre el despunte de los 120 días para diligenciar el emplazamiento de la parte a ser sustituida.

Según interpretamos, la Regla 22.1(b), *supra*, de Procedimiento Civil tiene un orden de prelación. En el consabido trámite, la peticionaria tenía 90 días, desde notificada la muerte del señor García Pérez para solicitar la sustitución. Para ello,

tenía que identificar a los miembros de la sucesión del señor García Pérez. La ausencia de ese primer paso creó la controversia que nos ocupa. Ciertamente, tal como apercibió el foro primario, la peticionaria podía utilizar los mecanismos de descubrimiento de prueba dirigidos a la identificación de los integrantes de la sucesión como la parte apropiada. Lo que no debió ocurrir es que el descubrimiento de prueba se extendiera de tal modo que superara el plazo de 90 días que establece la Regla 22.1(b), *supra*, para realizar el trámite aquí pautado de la solicitud de sustitución de la parte fallecida por su sucesión.

Esto es, si no resulta posible identificar a los miembros de la sucesión antes de culminar los 90 días y, por ende, no pueda presentar la enmienda de la demanda ni solicitar la expedición de los formularios de emplazamiento personal de los herederos, lo que procede es el emplazamiento por edicto. Según mencionamos, **antes de que concluyan los 90 días, y luego de acreditar las diligencias correspondientes, la parte demandante presentará la solicitud de sustitución de parte y la demanda enmendada con la petición de autorización para el emplazamiento por edicto, según lo dispone la Regla 4.6 de Procedimiento Civil, *supra*.**

En el caso de autos, si bien la peticionaria solicitó la sustitución de parte de manera oportuna, esta se limitó a exponer que desconocía al resto de los miembros de la sucesión y que los tenía que identificar. **Por lo tanto, de acuerdo con el orden esbozado para el trámite de la solicitud de sustitución de parte, este se presentó dentro de los 90 días, <u>pero de manera incompleta</u>.**

Y es que, contrario a lo que pretende la peticionaria, culminar el descubrimiento de prueba para solicitar los emplazamientos de los integrantes de la sucesión no tiene fundamento

legal alguno que lo sustente. La orden con la cual descansaba la peticionaria reveló que esta tuvo la opción de solicitar la autorización para emplazar por edicto a los miembros desconocidos de la sucesión del señor García Pérez si no era posible identificarlos mediante el descubrimiento de prueba.

Lo cierto es que, el tracto procesal demostró que la peticionaria pudo haber solicitado la sustitución de parte junto con la demanda enmendada y la petición de la expedición de los formularios de los emplazamientos para el hijo y la nieta del finado desde el 11 de diciembre de 2023, tal como pretendió hacerlo luego de que la parte recurrida solicitara la desestimación de la causa de acción.

Por otro lado, sin pasar juicio sobre los méritos de las alegaciones que la partes han presentado en el pleito, nos encontramos ante una demanda en la que se le reclamó que la señora Orta fue responsable de un alegado daño que la peticionaria sufrió por un incendio en una residencia en la que esta vivía arrendada, cuyos propietarios eran la señora Orta y su fenecido esposo.

Sobre este particular, debe ponderarse que la parte recurrida, es decir, la aseguradora Multinational por sí y en representación de la señora Orta se sometieron voluntariamente a la jurisdicción del foro primario. De manera que, independientemente de que la señora Orta era uno de los miembros de la sucesión del señor García Pérez, esta había sido demandada en su carácter personal. El señor García Pérez falleció antes de que se presentara la causa de acción en su contra, por lo que la peticionaria buscaba acumular a los herederos, pero no cumplió con el trámite procesal de sustitución de parte correspondiente.

En ese contexto, en un caso de alegados daños y perjuicios es necesario evaluar las alegaciones. Es decir, si se trata de una causa de acción contractual o extracontractual. Por la naturaleza de la reclamación, en los casos de las reclamaciones extracontractuales, los alegados cocausantes no constituyen partes indispensables, cuya falta de acumulación conlleve la desestimación de la acción.[47] Así se afirmó en *Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 7 (1990). En síntesis, esto implica que un deudor solidario no es parte indispensable.

Además, en nuestro ordenamiento jurídico, es posible que un perjudicado inicie una acción directamente en contra de una aseguradora con el propósito de reclamar el pago de los daños y perjuicios ocasionados por su asegurado.[48] Esta acción se caracteriza por ser independiente, distinta y separada de la reclamación que tiene disponible el promovente contra el causante de los daños.[49] Así lo dispone el Art. 20.030 de la Ley Núm. 77 del 19 de junio de 1957, según enmendada, conocida como *Código de Seguros de Puerto Rico*, que, en lo pertinente, expone que: **"(1) [l]a persona que sufriere los daños y perjuicios tendrá, <u>a su opción</u>, una acción directa contra el asegurador conforme a los términos y limitaciones de la póliza, acción que podrá ejercitar contra el asegurador solamente o contra éste y el asegurado conjuntamente"**.[50]

---

[47] *Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 7 (1990). ("[I]t was error to label joint tortfeasors as indispensable parties under Rule 19(b) and to dismiss the lawsuit with prejudice for failure to join those parties. We agree".) Dr. José Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., Ed. Publicaciones JTS, 2011, T. II, pág. 695.

[48] *Savary et al. v. Mun. Fajardo et al.,* 198 DPR 1014, 1024 (2017).

[49] *Íd.*

[50] (Negrillas suplidas) (26 LPRA sec. 2003). Al citar el referido articulado, reconocemos la facultad de presentar una acción directa contra la aseguradora. Sin embargo, nos abstendremos de entrar a los méritos de la causa de acción.

Esto es medular en cuanto a si procedía o no el dictamen apelado, pues en la solicitud de reconsideración presentada ante el foro primario, la peticionaria planteó que la sucesión no era parte indispensable en la causa de acción de daños y perjuicios.[51] A raíz de esa apreciación, en ese escrito solicitó la enmienda de la demanda "para prescindir de los integrantes de la Sucesión de José E. García Pérez y se mantenga como parte codemandada a la aseguradora objeto de estos procedimientos para que responda a la parte demandante".[52] Sin embargo, el foro primario no quedó convencido.

Por otra parte, el Tribunal de Apelaciones evaluó las alegaciones presentadas y concluyó que la demanda podía continuar en contra de la aseguradora. No obstante, al igual que el foro primario, el Tribunal de Apelaciones erró al mantener la desestimación a favor de la señora Orta por el hecho de que ella era la única heredera de la sucesión de su fenecido esposo. Por lo tanto, en cuanto al dictamen que revisamos y de acuerdo con lo discutido, el Tribunal de Apelaciones debió revocar la sentencia desestimatoria del Tribunal de Primera Instancia pues la señora Orta había sido demandada en su carácter personal en daños extracontractuales.

En conclusión, tal y como expusimos anteriormente, la señora Orta falleció en el trámite del presente caso y, como resultado, es evidente que la causa de acción no puede continuar en su contra. No obstante, debido a que Multinational compareció por sí y por su asegurada (la señora Orta, QEPD), procede confirmar la Sentencia

---

[51] La peticionaria descansó en lo resuelto en *Drahus v. Nationwide Insurance Co.*, 104 DPR 60 (1975).

[52] Véase *Fidencia Amparo Bonilla Sánchez v. José F. García Pérez y otros*, Caso Núm. SJ2023CV05802 (Caso ante el TPI). Entrada Núm. 56 del Sistema Unificado de Manejo y Administración de Casos (SUMAC), *Moción de reconsideración* presentada por la peticionaria, pág.9.

del Tribunal de Apelaciones en cuanto a que se continúen los procedimientos en contra de la aseguradora.

IV

Por los fundamentos antes esbozados, confirmamos la *Sentencia* del Tribunal de Apelaciones. Se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos conforme a lo aquí resuelto.

Se dictará Sentencia en conformidad.


Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Fidencia Amparo Bonilla Sánchez

      Peticionaria

          v.               CC-2024-0793     Certiorari

Oria F. Orta y otros

      Recurridos

SENTENCIA

En San Juan, Puerto Rico, a 30 de marzo de 2026.

Por los fundamentos antes expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, confirmamos la *Sentencia* del Tribunal de Apelaciones. Se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos conforme a lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Candelario López no interviene.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo