Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| ANGEL TORRES ROSADO Y OTROS<br><br>**Parte apelante**<br><br>v.<br><br>CARLOS ROMÁN GONZÁLEZ Y OTROS<br><br>**Parte apelada** | **TA2026AP00254** | ***APELACIÓN***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Aguadilla**<br><br>Caso Núm.:<br>**AG2025CV00133**<br><br>Sobre:<br><br>**VIOLACIÓN DE DERECHOS CIVILES** |

Panel integrado por su presidente el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2026.

Comparecen ante nos, los apelantes Ángel Torres Rosado, en adelante Torres Rosado, Laura Nazario Lameiro, en adelante, Nazario Lameiro, por si y en representación de la menor S.R.N., y nos solicitan que revisemos la *Sentencia* emitida el 9 de febrero de 2026 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, en adelante TPI-Aguadilla. Mediante dicha sentencia, el Foro Apelado desestimó *con perjuicio* la demanda al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V R. 10.2, por presunta falta de jurisdicción de la persona e insuficiencia en el emplazamiento y diligenciamiento.

Por los fundamentos que expondremos a continuación, *revocamos* en parte el dictamen apelado.

**I.**

El 28 de enero de 2025, Torres Rosado y Nazario Lameiro, presentaron una *Demanda*[1] sobre daños y perjuicios contra de

---

[1] El 8 de mayo de 2024 los demandantes presentaron ante TPI-Aguadilla un *Aviso de Desistimiento Voluntario sin Perjuicio,* al amparo de la Regla 39.1(a)(1) de Procedimiento Civil, *supra.,* mediante el cual notificaron su desistimiento voluntario del pleito, sin perjuicio. Entrada 1 de SUMAC TA, anejo 1.

Carlos R. Román González en su capacidad individual y en su capacidad como presidente de su Corporación Aguadilla Pier Corp.; Aguadilla Pier Corp.[2], SJA Security Police, Inc.[3]; José Ortiz Valentín y César Toledo Mantilla, en adelante los apelados. Los apelantes alegaron que, el 29 de enero de 2023, participaron en una manifestación ambiental en el área de la Cueva Las Golondrinas, en Aguadilla, y que, durante dicha actividad, guardias de seguridad presuntamente vinculados con los apelados utilizaron agentes químicos y armas de fuego contra los manifestantes. En particular, sostuvieron que Torres Rosado fue rociado con gas pimienta y recibió varios impactos de bala. A base de tales hechos, reclamaron indemnización por los daños sufridos.[4]

El 30 de enero de 2025, Torres Rosado presentó una *Moción en Cumplimiento de Orden.* En esta informó que ese mismo día, el TPI-Aguadilla había emitido una orden mediante la cual concedió un término de cinco (5) días para presentar los proyectos de emplazamiento.[5] En cumplimiento de dicha orden, la parte apelante acompañó los emplazamientos correspondientes a: (1) Aguadilla Pier Corp.; (2) Carlo Román González; (3) Cesar Toledo Mantilla; (4) José Ortiz Valentín; (5) SJA Security Police Inc.[6] El *3 de febrero de 2025*, la Secretaria del TPI-Aguadilla expidió los referidos emplazamientos.[7]

El 2 de junio de 2025, la parte apelante presentó un *Escrito al Expediente*, mediante el cual informó que unía al expediente el emplazamiento diligenciado el 30 de mayo de 2025, a la corporación

---

[2]Aguadilla Pier Corp. es una corporación inscrita en Puerto Rico con el Número de Registro 429469. Es una entidad con fines de lucro organizada con el propósito de crear, operar y/o administrar puertos y propiedades portuarias para llevar a cabo actividades industriales y comerciales.

[3] SJA Security Police, Inc. es una corporación inscrita en Puerto Rico con el número 423506. Su dirección es Calle Principal Bo. Santana, Carr. 2, Km. 69.1, Arecibo, Puerto Rico 00612.

[4] Entrada 1 de SUMAC TA, apéndice 1.

[5] *Íd.*, apéndice 2.

[6] *Íd.*, apéndice 3, anejos 1-5.

[7] *Íd.*, apéndice 4-8.

SJA Security Police, Inc., junto con las fotografías correspondientes para su acreditación.[8] Ese mismo día, presentó una *Moción Solicitando Emplazamiento por Edicto*.[9] En esta expuso que, a pesar de múltiples gestiones, no había podido emplazar personalmente a Carlos R. Román González, Aguadilla Pier Corp., José Ortiz Valentín y César Toledo Mantilla. Para sostener su solicitud, acompañó varias declaraciones juradas sobre las gestiones realizadas para diligenciar los emplazamientos y solicitó autorización para emplazar a dichos apelados por edicto[10].

El 17 de junio de 2025, el Foro Primario emitió y notificó una *Orden* mediante la cual autorizó el emplazamiento por edicto. Sin embargo, indicó que la parte demandante no había sometido los edictos correspondientes.[11] En atención a ello, el 20 de junio de 2025, la parte apelante presentó una nueva *Moción Solicitando Emplazamiento por Edicto*, mediante la cual sometió los proyectos de emplazamiento por edicto correspondientes a Carlos R. Román González, Aguadilla Pier Corp., José Ortiz Valentín y César Toledo Mantilla, para su expedición.[12] El 24 de junio de 2025 el Foro de Primera Instancia emitió una *Orden* en la cual autorizó los correspondientes emplazamientos por edicto,[13] y el 26 de junio de 2025, la Secretaria del TPI-Aguadilla expidió los mismos.[14]

El 29 de julio de 2025, Torres Rosado presentó una *Moción en Cumplimiento de Orden.* En esta informó que, en cumplimiento con la *Orden* emitida el 24 de junio de 2025 y notificada el 26 de junio, envió copia de la *Demanda* y del emplazamiento *a la última dirección postal conocida* de Aguadilla Pier Corp., Carlos R. Román González,

---

[8] Entrada 1 de SUMAC TA, apéndice 11, anejos 1-2.
[9] *Íd.*, apéndice 12.
[10] *Íd.*, apéndice 12, anejos 1-4.
[11] *Íd.*, apéndice 13.
[12] *Íd.*, apéndice 14, anejos 1-4.
[13] *Íd.*, apéndice 17.
[14] *Íd.*, apéndice 18, 19, 20 y 21.

César Toledo Mantilla y José Ortiz Valentín.[15] A dicha moción anejó los *recibos del correo certificado* con fecha de envío de 11 de julio de 2025.[16]

Posteriormente, el 19 de septiembre de 2025, la parte apelante presentó una *Moción sobre Anotación de Rebeldía.* En esta sostuvo que SJA Security Police, Inc. fue emplazada personalmente y que, vencido el término correspondiente, no había presentado alegación responsiva ni comparecido para defenderse. Por ello, solicitó que se le anotara la rebeldía a dicha codemandada, al amparo de la Regla 45.1 de Procedimiento Civil, *supra.,* y que se señalara vista para la determinación del importe de los daños.[17]

Ese mismo día, la parte apelante presentó otra *Moción sobre Anotación de Rebeldía.*[18] En esta expresó que los emplazamientos por edicto dirigidos a Aguadilla Pier Corp., Carlos R. Román González, César Toledo Mantilla y José Ortiz Valentín habían sido publicados el 4 de julio de 2025 en periódico de circulación general *El Nuevo Día.*[19] Añadió que, transcurrido el término en ley, dichos apelados no habían contestado la *Demanda* ni presentado alegación responsiva. Por ello, solicitó que se les anotara la rebeldía y que se señalara vista para la determinación del importe de los daños.[20]

Así las cosas, el 2 de octubre de 2025, Carlos R. Román González compareció sin someterse a la jurisdicción del tribunal, mediante una *Comparecencia Especial y Prórroga.* En síntesis, alegó que advino en conocimiento de la *Demanda* por casualidad, luego de que surgiera una conversación entre su representación legal y la representación legal de la parte apelante en otro caso. Sostuvo que, tras confirmar la presentación de la *Demanda* en SUMAC, designó

---

[15] Entrada 1 de SUMAC TA, apéndice 22.
[16] *Íd.*, apéndice 22., anejo 1.
[17] *Íd.*, apéndice 24.
[18] *Íd.*, apéndice 25.
[19] *Íd.,* anejo 1.
[20] *Íd.,* apéndice 25.

representación legal de forma especial como medida cautelar para evaluar las incidencias procesales del caso. Por ello, solicitó que se tomara conocimiento de su representación legal y que se le concediera una prórroga de treinta (30) días para presentar la alegación responsiva correspondiente.[21]

El 3 de octubre de 2025, el TPI-Aguadilla emitió varias *Resoluciones Interlocutorias* en las cuales expresó haber tomado conocimiento de las mociones presentadas por las partes.[22] En adición emitió una *Resolución* mediante la cual *anotó la rebeldía* de SJA Security Police, Inc., al amparo de la Regla 45 de Procedimiento Civil, *supra.*[23]

El 8 de octubre de 2025, Aguadilla Pier Corp. compareció sin someterse a la jurisdicción del tribunal, mediante una *Moción Comparecencia Especial y Solicitud de Prórroga* y alegó que advino en conocimiento de la Demanda a través de su representación legal, luego de que su presidente conociera del pleito. Además, solicitó una prórroga de treinta (30) días para presentar la alegación responsiva correspondiente.[24]

El 10 de octubre de 2025, la parte apelante presentó por segunda vez una *Moción sobre Anotación de Rebeldía y en Cumplimiento de Orden* y solicitó que se anotara la rebeldía de César Toledo Mantilla y José Ortiz Valentín, al amparo de la Regla 45.1 de Procedimiento Civil, y que se señalara vista para la determinación del importe de los daños.[25]

El 23 de octubre de 2025, el Tribunal de Primera Instancia emitió una *Resolución Interlocutoria* mediante la cual declaró *No Ha*

---

[21] Entrada 1 de SUMAC TA, apéndice 26.
[22] *Íd.*, apéndice 28 y 29.
[23] *Íd.*, apéndice 30
[24] *Íd.*, apéndice 31
[25] *Íd.*, apéndice 33

*Lugar* la solicitud de anotación de rebeldía presentada por la parte apelante.[26]

Posteriormente, el 7 de noviembre de 2025, Carlos R. Román González presentó una *Comparecencia Especial en Solicitud de Desestimación.* En esta, sostuvo que la *Demanda* del caso de epígrafe se presentó el 28 de enero de 2025 y que los emplazamientos quedaron expedidos el 3 de febrero de 2025. Alegó que la parte apelante solicitó autorización para emplazar por edicto el 2 de junio de 2025, luego de vencido el término de ciento veinte días dispuesto por la Regla 4.3(c) de Procedimiento Civil, sin haber solicitado oportunamente una prórroga. Por ello, argumentó que el foro primario venía obligado a desestimar la *Demanda.* Asimismo, planteó que, aun si se entendiera válida la autorización para emplazar por edicto, la parte demandante incumplió con los requisitos de la Regla 4.6 de Procedimiento Civil. En particular, adujo que no se acreditó el envío de la *Demanda* y del emplazamiento *por correo certificado con acuse de recibo* dentro de los diez (10) días siguientes a la publicación del edicto, sino únicamente mediante *certificados de envío postal.* Además, sostuvo que el edicto publicado contenía defectos sustanciales. A base de ello, solicitó la desestimación de la causa de acción por falta de jurisdicción sobre la persona, insuficiencia del emplazamiento e insuficiencia del diligenciamiento del emplazamiento, al amparo de la Regla 10.2 de Procedimiento Civil.[27]

El 12 de diciembre de 2025, Aguadilla Pier Corp. presentó una *Comparecencia Especial Uniéndose a Solicitud de Desestimación,* sin someterse a la jurisdicción del tribunal. En esta, se unió a la solicitud de desestimación presentada por Carlos R. Román González y adoptó sus planteamientos sobre la falta de

---

[26] Entrada 1 de SUMAC TA, apéndice 36.
[27] *Íd.,* apéndice 37.

diligenciamiento oportuno de los emplazamientos y la expiración del término jurisdiccional dispuesto en la Regla 4.3(c) de Procedimiento Civil. Además, alegó que nunca fue emplazada ni notificada en su dirección postal correcta, por lo que el Tribunal de Primera Instancia no adquirió jurisdicción sobre su persona. A base de ello, solicitó la desestimación de la Demanda en cuanto a Aguadilla Pier Corp.[28]

El 22 de diciembre de 2025, la parte apelante presentó una *Oposición a las dos Mociones de Desestimación* y sostuvo que la solicitud de emplazamiento por edicto fue presentada dentro del término de ciento veinte (120) días, contado desde la expedición de los emplazamientos el *3 de febrero de 2025*. A esos efectos, indicó que la moción solicitando emplazamiento por edicto se presentó el *2 de junio de 2025,* es decir, un día antes de vencer dicho término. Además, argumentó que la notificación por correo fue efectiva, pues la *Demanda* y los emplazamientos se enviaron por correo certificado a las direcciones que surgían del Registro de Corporaciones del Departamento de Estado para Carlos R. Román González y Aguadilla Pier Corp. Por ello, solicitó que se declararan no ha lugar ambas mociones de desestimación.[29]

Así las cosas, el 9 de febrero de 2026, el TPI-Aguadilla dictó *Sentencia,* notificada el 10 de febrero de 2026, en la cual concluyó que el emplazamiento por edicto no se realizó conforme a derecho, pues la parte apelante no remitió copia de la *Demanda* y del emplazamiento por correo certificado con acuse de recibo, según requiere la Regla 4.6 de Procedimiento Civil. Además, razonó que el contenido del edicto fue insuficiente, por lo que lo declaró nulo. A base de ello, determinó que procedía la desestimación al amparo de la Regla 10.2 de Procedimiento Civil, por falta de jurisdicción sobre la persona, insuficiencia del emplazamiento e insuficiencia en su

---

[28] Entrada 1 de SUMAC TA, apéndice 41.
[29] *Íd.,* apéndice 42.

diligenciamiento. En consecuencia, desestimó *con perjuicio* la *Demanda* respecto a Carlos R. Román González, en su capacidad individual y como presidente de Aguadilla Pier Corp.; Aguadilla Pier Corp.; SJA Security Police, Inc.; José Ortiz Valentín y César Toledo Mantilla.[30]

Inconforme con la determinación del Foro de Primera Instancia, el 10 de marzo de 2026, la parte apelante compareció ante nos mediante un recurso de apelación, y expuso el siguiente señalamiento de error:

> **PRIMER SEÑALAMIENTO DE ERROR**: ERRÓ EL TPI AL DICTAR SENTENCIA DESESTIMANDO LA DEMANDA A FAVOR DE SJA SECURITY POLICE, INC. QUIEN FUE EMPLAZADO PERSONALMENTE Y CONTRA QUIEN SE HABIA ANOTADO LA REBELDIA.
>
> **SEGUNDO SEÑALAMIENTO DE ERROR**: ERRÓ EL TPI AL NO APLICAR LA PRESUNCIÓN DE LA REGLA 304 DE LAS REGLAS DE EVIDENCIA DE PUERTO RICO, A PESAR DEL TOTAL AUSENCIA DE EVIDENCIA EN EL EXPEDIENTE JUDICIAL QUE ESTABLEZCA QUE EL DEMANDADO NO RECIBIÓ EL SOBRE ENVIADO.
>
> **TERCER SEÑALAMIENTO DE ERROR**: ERRÓ EL TPI AL INVALIDAR EL EMPLAZAMIENTO POR EL HECHO DE QUE SE COMETIO UN ERROR CLERICAL AL UTILIZAR EL FORMULARIO DE CERTIFICADO DE ENVÍO ("CERTIFICATE OF MAILING, PS FORM 3817") EN VEZ DEL CERTIFICADO CON ACUSE DE RECIBO, PRIVANDO AL DEMANDANTE DE SU CAUSA DE ACCION LEGITIMA AL SER BALEADO MIENTRAS EJERCIA SU DERECHO CONSTITUCINAL A PROTESTAR EN ZONA PUBLICA.

El 30 de marzo de 2026, Aguadilla Pier Corp. presentó su *Alegato en Oposición a Apelación.*[31] Perfeccionado el recurso, procedemos a resolver.

## II.

### A. Apelación Civil

Las Reglas de Procedimiento Civil de Puerto Rico se desenvuelven en un orden lógico, natural y armonioso entre sí. Este orden queda demostrado en las distintas etapas de un litigio, entiéndase las alegaciones, mociones, descubrimiento de prueba, vista evidenciaria, sentencia, reconsideración, *apelación,* y sus

---

[30] Entrada 1 de SUMAC TA, apéndice 45.
[31] Entrada 4 de SUMAC TA

efectos escalonados. Cada etapa se sirve de la anterior y se proyecta, entonces, para la próxima. *Vega v. Alicea,* 145 DPR 236, 238 (1998).

La etapa de la *apelación* se perfecciona con la presentación oportuna de un escrito conforme a las formalidades establecidas en nuestro estado de derecho, que incluye su debida notificación a las partes. El recurso de apelación es aquel que se presenta ante un foro de mayor jerarquía cuando se solicita la revisión de una sentencia, o un dictamen final, emitido por el Foro de Primera Instancia. Regla 52.1 y 52.2 de Procedimiento Civil, 32 LPRA, Ap. VIII, R. 52; *Freire Ruiz et al. v. Morales, Hernández,* 2024 TSPR 129, 215 DPR ___ (2024); *González Pagán v. SLG Moret-Brunet,* 202 DPR 1062, 1070-1071 (2019). Véase, además, R. Hernández Colón, P*ráctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta Ed., San Juan, Ed. Lexis Nexis, 2017, pág. 519.

La *apelación* no es un recurso discrecional como en los casos de certiorari. Una vez se cumpla con los requisitos jurisdiccionales y de perfeccionamiento del recurso, el Tribunal de Apelaciones viene obligado a atender el asunto y resolverlo en sus méritos, de forma fundamentada. *Soc. de Gananciales v. García Robles,* 142 DPR 241, 252 (1997). En ese sentido, se reconoce que existe el derecho estatutario para acudir en apelación ante el Tribunal de Apelaciones, cuestionando toda sentencia final emitida por el Tribunal de Primera Instancia. *Silva Barreto v. Tejada Martell,* 199 DPR 311, 317 (2017). Regla 13(A) del Reglamento del Tribunal de Apelaciones, supra, pág. 22; Art. 4.006(a) Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, 4 LPRA sec. 24y.

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. Como regla general, los foros apelativos no tenemos facultad para

sustituir las determinaciones de hechos del tribunal de instancia con nuestras propias apreciaciones. *W.M.M. P.F.M., et al. v. Colegio et al.*, 211 DPR 871, 902-903 (2023); *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 770-771 (2013); *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007). De manera que, si la actuación del tribunal no está desprovista de base razonable, ni perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso. *Bathia Gautier v. Gobernador*, 199 DPR 59, 182 (2017); *Sierra v. Tribunal Superior,* 81 DPR 554, 572 (1959).

### B. Desestimación

La Regla 10.2 de Procedimiento Civil, *supra*, permite que una parte demandada en un pleito, solicite la desestimación de la demanda presentada en su contra. *González Méndez v. Acción Social de Puerto Rico*, 196 DPR 213, 234 (2016). Esta, dispone que una parte demandada presentará una moción fundamentada en: (1) la falta de jurisdicción sobre la materia; (2) la falta de jurisdicción sobre la persona; (3) *insuficiencia del emplazamiento;* (4) *insuficiencia del diligenciamiento del emplazamiento*; (5) dejar de exponer una reclamación que justifique la concesión de un remedio y; (6) dejar de acumular una parte indispensable. *Rodríguez Vázquez et als. v. Hosp. Auxilio Mutuo*, 2025 TSPR 55, 215 DPR ___ (2025); *Inmob. Baleares, et al. v. Benabe et al.*, 214 DPR 1109, 1128 (2024); *Rivera, Lozada v. Universal*, 214 DPR 1007, 1023 (2024); *Blassino, Reyes v. Reyes Blassino*, 214 DPR 823, 833 (2024); *Costa Elena y otros v. Magic Sport y otros*, 213 DPR 523, 533 (2024).

Para que proceda una moción al amparo de la Regla 10.2, *supra*, el Foro Primario deberá tomar como ciertos todos los hechos alegados en la demanda y considerarlos de la manera más favorables a la parte demandante. *Díaz Vázquez et al. v. Colón Peña et al.,* 214 DPR 1135, 1149 (2024); *Inmob. Baleares, et al. v. Benabe*

*et al.*, supra, pág. 1128; *Rivera, Lozada v. Universal,* supra, pág. 1023; *Blassino, Reyes v. Reyes Blassino,* supra, pág. 833; *Costas Elena y otros v. Magic Sport y otros,* supra, pág. 533; *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 84 (2023); *Cobra Acquisition v. Mun. Yabucoa et. al.,* 210 DPR 384, 396 (2022); *Bonnelly Sagrado et al. v. United Surety*, 207 DPR 715, 722 (2021). Es decir, al momento de evaluar una moción de desestimación, los tribunales deberán examinar los hechos alegados en la demanda de forma conjunta y de la forma más liberal posible a favor de la parte demandante. *Morales et al. v. Asoc. Propietarios,* 214 DPR 284, 291 (2024); *Inmob. Baleares, et al. v. Benabe et al.,* supra, pág. 1128; *Cruz Pérez v. Roldán Rodríguez et. al.*, 206 DPR 261, 267 (2021); *López García v. López García,* 200 DPR 50, 69 (2018).

### C. Emplazamiento

El emplazamiento constituye el mecanismo procesal que viabiliza el ejercicio de la jurisdicción dentro de nuestro sistema judicial. *SLG Rivera Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636, 647 (2021); *Torres Zayas v. Montano Gómez et al.*, 199 DPR 458, 467 (2017). Mediante este instrumento, el Tribunal adquiere jurisdicción sobre la persona que esté siendo demandada, quedando esta última obligada por el dictamen que finalmente se emita. *Ross Valedón v. Hosp. Dr. Susoni et al.*, 213 DPR 481, 487-488 (2024); *Martajeva v. Ferré Morris y otros,* 210 DPR 612, 620-621 (2022); *Pérez Quiles v. Santiago Cintrón,* 206 DPR 379, 384 (2021); *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 480 (2019); *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 644 (2018). Por un lado, la finalidad del emplazamiento es notificar a la parte demandada que se ha instado una reclamación judicial en su contra y, por el otro, garantizarle su derecho a ser oído y a defenderse. *SLG Rivera Pérez v. SLG Díaz-Doe et al., supra*; *Torres Zayas v. Montano Gómez et al., supra*; *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, 863 (2005).

De otra parte, sirve como medio para que los tribunales adquieran jurisdicción sobre la persona del demandado, de forma tal que éste quede obligado por el dictamen que finalmente se emita. *Bernier González v. Rodríguez Becerra*, supra, pág. 637.

El adecuado diligenciamiento del emplazamiento constituye un imperativo constitucional del debido proceso de ley, *por lo que se exige un cumplimiento estricto cuando de obedecer sus requisitos se trata. Banco Popular v. S.L.G. Negrón,* supra; *Datiz v. Hospital Episcopal*, 163 DPR 10, 15 (2004) (Énfasis nuestro). Esto pues, una sentencia dictada contra una parte que no fue emplazada o notificada conforme a derecho resulta inválida e imposible de ejecutar, pues nos encontramos ante un caso de nulidad radical por imperativo constitucional. *Torres Zayas v. Montano Gómez et al.*, supra, pág. 469.

En nuestro ordenamiento, la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, regula todo lo relativo al emplazamiento. En específico, la Regla 4.3(c) de las de Procedimiento Civil establece lo siguiente:

> **El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda** o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, **el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos** una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

> 32 LPRA Ap. V; *Bonilla Santos v. Orta et al*, 2026 TSPR 32, 218 DPR___ (2026). (Énfasis suplido).

El Tribunal Supremo ha aclarado que el tiempo que la Secretaría se retrase en expedir los emplazamientos se añadirá al término para diligenciarlos. *Bernier González v. Rodríguez Becerra,*

supra, pág. 649. No obstante, ese tiempo adicional no constituye una prórroga, ni confiere discreción al tribunal para extender el término más allá de lo expresamente dispuesto en la Regla 4.3(c). *Íd.* Asimismo, ha reiterado que **el término de ciento veinte (120) días comienza a transcurrir una vez se expiden los emplazamientos, pues antes de ello no existe nada que diligenciar**. *Bonilla Santos v. Orta et al*, supra; *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 388 y 390 (2021).

Aunque el diligenciamiento personal del emplazamiento es el método más idóneo para adquirir jurisdicción sobre la persona, por vía de excepción, las Reglas de Procedimiento Civil autorizan emplazar por edicto. *Bonilla Santos v. Orta et al*, supra*; Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1005 (2021); *Sánchez Ruiz v. Higueras Pérez et al.*, 203 DPR 982, 987-988 (2020); *Banco Popular v. S.L.G. Negrón,* supra, pág. 865. Así, cuando la persona a ser emplazada no está en Puerto Rico, o estando en Puerto Rico no pueda ser localizada después de realizadas las diligencias pertinentes, procede que su emplazamiento se realice a través de la publicación de un edicto. *Id.*; Regla 4.6 de Procedimiento Civil, *supra.*

Cónsono con lo anterior, la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R.4.6, dispone sobre el emplazamiento por edictos y su publicación como sigue:

> *Cuando la persona a ser emplazada esté fuera de Puerto Rico,* que estando en Puerto Rico **no pudo ser localizada después de realizadas las diligencias pertinentes** o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente y así se comprueba a satisfacción del tribunal *mediante declaración jurada que exprese dichas diligencias*, y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de un algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.
>
> (Énfasis nuestro).

Pertinente al recurso objeto de revisión, es norma firme el que se presente ante el tribunal una declaración jurada que exprese las diligencias efectuadas para localizar al demandado, previo a solicitar la autorización para efectuar el emplazamiento mediante edictos. *Sánchez Ruiz v. Higuera Pérez*, supra, págs. 987-988; *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 23 (1993). Una vez se haya autorizado el edicto por el tribunal, el demandante procurará su publicación en un periódico de circulación general de la Isla de Puerto Rico. Luego –dentro de los diez (10) días siguientes a la publicación– enviará a la parte demandada, **por correo certificado con acuse de recibo a la última dirección conocida**, **una copia del emplazamiento y la demanda presentada.** *Banco Popular v. S.L.G. Negrón*, supra, pág. 865-866.

En cuanto al contenido del edicto, la Regla 4.6 (b) de Procedimiento Civil, *infra,* requiere incluir la información siguiente:

    (1) Título – Emplazamiento por Edicto
    (2) Sala del Tribunal de Primera Instancia
    (3) Número del caso
    (4) Nombre de la parte demandante
    (5) Nombre de la parte demandada a emplazarse
    (6) Naturaleza del pleito
    (7) Nombre, dirección y teléfono del abogado o abogada de la parte demandante
    (8) Nombre de la persona que expidió el edicto
    (9) Fecha de expedición
    **(10) Término dentro del cual la persona así emplazada deberá contestar la demanda, según se dispone en la Regla 10.1,** y la advertencia a los efectos de que si no contesta la demanda presentando el original de la contestación ante el tribunal correspondiente, con copia a la parte demandante, se le anotará la rebeldía y se dictará sentencia para conceder el remedio solicitado sin más citarle ni oírle. El edicto identificará con letra negrilla tamaño diez (10) puntos toda primera mención de persona natural o jurídica que se mencione en éste.
    [...].

32 LPRA Ap. V, R. 4.6(b). (Énfasis nuestro).

Sobre la dirección a la que debe efectuarse el envío, nuestro Tribunal Supremo nos recuerda que el criterio rector es que dicha dirección tiene que ser una "que esté razonablemente calculada, dentro de las circunstancias particulares del caso, para darle aviso a la parte contraria de la reclamación que se ha presentado en su

contra". *Rivera v. Jaume*, 157 DPR 562, 577 (2002). Es decir, para el cumplimiento de este requisito, se exige que el envío de la notificación de la demanda y del emplazamiento se efectúe a una dirección *dentro del último lugar de residencia del demandado*, ya sea postal o residencial, *a la cual este será razonablemente informado de la reclamación en su contra. Rivera v. Jaume*, supra, pág. 578.

Después de todo, el debido proceso de ley exige que la dirección provista pertenezca o haya pertenecido a la parte con derecho a ser notificada, de manera que la notificación no sea enviada a cualquier dirección, sino a la dirección correcta. *Román Ortiz v. OGPe*, 203 DPR 947, 959 (2020); *Rivera v. Jaume*, supra, págs. 582-583; *Ortíz v. A.R.Pe*, 146 DPR 720, 724 (1998). Así, cuando la dirección de envío se ha puesto en duda, se utiliza el criterio de *la dirección razonablemente calculada* para auscultar si, conforme a la información conocida por el demandante, esta es una adecuada conforme a las particularidades del caso. *Colón Vega v. Díaz Lebrón*, 211 DPR 548, 561 (2023); *Román v. OGPe,* supra, pág. 963.

De otra parte, la Regla 4.7 de Procedimiento Civil, *supra*, dispone que para acreditar el diligenciamiento del emplazamiento se requiere que:

> [l]a persona que diligencie el emplazamiento presentará en el Tribunal constancia de haberlo hecho dentro del plazo concedido a la persona emplazada para comparecer. [...]. En caso de que la notificación del emplazamiento se haga por edictos, se probará su publicación mediante la declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado y de un escrito del abogado o abogada que certifique que se depositó en el correo una copia del emplazamiento y de la demanda. [...]. En el caso comprendido en la Regla 4.6, se presentará el acuse de recibo de la parte demandada. La omisión de presentar prueba del diligenciamiento no surtirá efectos en cuanto a su validez. La admisión de la parte demandada de que ha sido emplazada, su renuncia del diligenciamiento del

emplazamiento o su comparecencia hará innecesaria tal prueba.

32 LPRA Ap. V, R. 4.7.

El Tribunal Supremo ha enfatizado que, cuando el emplazamiento ha sido diligenciado dentro del término correspondiente, la existencia de defectos no conlleva la desestimación automática de la demanda. Tales defectos pueden ser subsanados mediante la expedición de un nuevo emplazamiento o la enmienda correspondiente. *Caribbean Orthopedics Products v. Medshape et al.*, 207 DPR 994, 1014 (2021). Véase, además, *Banco Popular v. S.L.G. Negrón,* supra, y *Negrón v. Depto. Servicios,* 105 DPR 873, 875 (1997). De igual forma, la jurisprudencia ha establecido que la Regla 4.8 de Procedimiento Civil, *supra*, permite que se enmiende cualquier emplazamiento o la constancia de su diligenciamiento, cuando los defectos sean equivocaciones o errores inofensivos. *Caribbean Orthopedics Products v. Medshape et al.,* supra, pág. 1012. Aclaró que los errores se considerarán inofensivos siempre que el emplazamiento sea lo suficientemente preciso para proporcionar una notificación adecuada. *Íd.*, citando a 4A Wright and Miller, Federal Practice and Procedure 4th, Sec. 1088 (2020). Esta doctrina responde al principio de política pública que favorece que los casos se ventilen en sus méritos. Banco Popular v. S.L.G. Negrón, supra, pág. 874.

Por su pertinencia al caso de marras, destacamos que el emplazamiento de corporaciones también se rige por la Ley de Corporaciones de 2009, en adelante, Ley de Corporaciones, Ley Núm. 164-2009, 14 LPRA sec. 3501 *et seq.* El referido estatuto dispone que:

> Se emplazará a cualquier corporación organizada en el Estado Libre Asociado entregando personalmente una copia del emplazamiento a cualquier oficial o director de la corporación en el Estado Libre Asociado, o al agente inscrito de la corporación en el Estado Libre Asociado, o dejándola en el domicilio o residencia habitual de cualquier oficial,

director o agente inscrito (si el agente inscrito es un individuo) en el Estado Libre Asociado, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado.
[...]

Artículo 12.01 de la Ley de Corporaciones*, supra*, sec. 3781.

### D. Rebeldía

La rebeldía no es otra cosa que "la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal". *Freyre Matías v. Consejo de Titulares,* 2026 TSPR 20, 217 DPR___ (2026). *Mitsubishi Motor v. Lunor y otros,* 212 DPR 807, 823 (2023); *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011). Tiene como propósito el disuadir a una parte a dilatar los procedimientos como una estrategia de litigación. *Rivera Figueroa v. Joe's European Shop,* supra*.*

Por otro lado, la Regla 45.1 de Procedimiento Civil, *supra*, detalla los asuntos concernientes con la anotación de rebeldía, a saber, expresa que:

> Cuando una parte contra la cual se solicite una sentencia que conceda un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el secretario anotará su rebeldía.
>
> El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3 (b) (3).
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2 (b).
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.
>
> *Freyre Matías v. Consejo de Titulares,* supra; *Mitsubishi Motor v. Lunor y otros*, supra.

Procede la anotación de rebeldía cuando el demandado *no cumple con el requisito de comparecer a contestar la demanda u ofrecer una defensa a su favor*, por lo que este no presenta alegación

alguna contra las alegaciones hechas por el demandante o contra el remedio solicitado por este. *Mitsubishi Motor v. Lunor y otros,* supra; *Rivera Figueroa v. Joe's European Shop,* supra, pág. 589. *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 100 (2002); Véase, R. Hernández Colón, *Práctica Jurídica de Puerto Rico,* Derecho Procesal Civil, 6ta Ed. San Juan, Ed. Lexis Nexis, 2017, p. 328.

También procede una anotación de rebeldía contra una parte que se negó a descubrir su prueba luego de que se le requiriera hacerlo, o que *incumplió con algún mandato del tribunal, lo que motiva a este, por solicitud del demandante o motu proprio, a imponerle la rebeldía como sanción. González Pagán v. SLG Moret-Brunet,* supra, pág. 1068; *Rivera Figueroa v. Joe's European Shop,* supra, pág. 589, citando a *Álamo v. Supermercado Grande, Inc.*, supra; *Ocasio v. Kelly Servs.,* 163 DPR 653, 669 (2005).

Una anotación en rebeldía provoca que se dan por admitidos todos los hechos bien alegados en la demanda. Además, tiene el efecto de autorizar al Foro Primario para que dicte sentencia, si es eso lo que procede en derecho. *Mitsubishi Motor v. Lunor y otros,* supra; *Rivera Figueroa v. Joe's European Shop,* supra, pág. 598.

Sobre los derechos de una parte en rebeldía el Tribunal Supremo, en varias ocasiones, ha reiterado que le asiste el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar los testigos de la parte demandante, impugnar la cuantía y apelar la sentencia. *Freyre Matías v. Consejo de Titulares,* supra; *Mitsubishi Motor v. Lunor y otros,* supra; *Ins. Co. v. Isleta Marina*, 106 DPR 809, 817 (1978).

### III.

En su primer *señalamiento de error*, la parte apelante sostiene que el TPI-Aguadilla erró al desestimar la *Demanda* respecto a SJA Security Police, Inc., a pesar de que esta fue emplazada

personalmente y que, previo a la *Sentencia* apelada, el propio Foro Primario le había anotado la rebeldía. *Le asiste la razón.*

Del expediente surge que el emplazamiento de SJA Security Police, Inc. no dependió del mecanismo de emplazamiento por edicto que motivó las mociones de desestimación presentadas por Carlos R. Román González y Aguadilla Pier Corp. Por el contrario, la parte apelante informó al Foro de Primera Instancia que SJA Security Police, Inc. fue emplazada personalmente el 30 de mayo de 2025. Posteriormente, el 19 de septiembre de 2025, la parte apelante solicitó que se anotara la rebeldía a dicha codemandada, pues no había contestado la *Demanda* ni comparecido para defenderse dentro del termino correspondiente. El 3 de octubre de 2025, el TPI-Aguadilla emitió una *Resolución* mediante la cual anotó la rebeldía de SJA Security Police, Inc., al amparo de la Regla 45 de Procedimiento Civil.

Así pues, al momento en que el Foro de Primera Instancia evaluó las mociones de desestimación, la situación procesal de SJA Security Police, Inc. era distinta a la de los apelados emplazados por edicto. SJA Security Police, Inc. había sido traída al pleito mediante emplazamiento personal y, por no presentar alegación responsiva ni comparecer de otro modo, se encontraba en rebeldía. Por tanto, los defectos que el TPI-Aguadilla identificó en el emplazamiento por edicto no podían servir de fundamento para desestimar la reclamación contra una codemandada cuyo emplazamiento no se realizó por ese mecanismo.

La *Sentencia* apelada, sin embargo, también desestimó con perjuicio la *Demanda* respecto a SJA Security Police, Inc., mientras que esta no presentó moción de desestimación, no impugnó su emplazamiento personal, no compareció para defenderse y, además, tenía anotada su rebeldía por orden del propio Foro Primario.

En ese contexto, el TPI-Aguadilla no podía extender automáticamente los efectos de una controversia sobre emplazamiento por edicto a una parte que fue emplazada personalmente. La desestimación bajo la Regla 10.2 por falta de jurisdicción sobre la persona, insuficiencia del emplazamiento o insuficiencia en su diligenciamiento requiere que el defecto señalado corresponda a la parte respecto a la cual se decreta la desestimación.

En el caso de autos, la *Sentencia* apelada no identificó defecto alguno en el emplazamiento personal de SJA Security Police, Inc., ni explicó por qué procedía dejar sin efecto la rebeldía previamente anotada. Lo cierto es que, una vez anotada la rebeldía, las alegaciones bien formuladas de la *Demanda* se tenían por admitidas en cuanto a dicha codemandada, sujeto a que el Foro de Primera Instancia evaluara el remedio procedente y, de ser necesario, señalara vista para la prueba de daños. La rebeldía no privaba a SJA Security Police, Inc. de todo derecho procesal, pero sí colocaba el caso en una etapa distinta a la desestimación por insuficiencia del emplazamiento por edicto. Por consiguiente, el TPI-Aguadilla *erró* al desestimar la Demanda contra SJA Security Police, Inc.

Por la estrecha relación entre el *segundo y tercer señalamiento de error*, procedemos a discutirlos en conjunto. La parte apelante sostiene que el TPI-Aguadilla erró al no aplicar la presunción de recibo de correspondencia reconocido en la Regla 304 de Evidencia 32 L.P.R.A. Ap. VI, R 304(23) y al invalidar el emplazamiento por edicto por haberse utilizado el formulario de certificado de envío del Servicio Postal, en lugar de correo certificado con acuse de recibo.

Primeramente, debemos distinguir entre la *publicación del emplazamiento y el diligenciamiento posterior mediante el envío de copia de la Demanda y del emplazamiento* a la última dirección conocida de los apelados.

Evaluado el expediente ante nuestra consideración, surge que el Foro Primario autorizó el emplazamiento por edicto, luego de examinar las declaraciones juradas sometidas por la parte apelante sobre las gestiones realizadas para emplazar personalmente a los apelados. Posteriormente, los edictos fueron expedidos y publicados.

Si bien el TPI-Aguadilla expresó en su *Sentencia* que el contenido del edicto era insuficiente y, por ello, nulo, no coincidimos con tal conclusión. Del texto publicado surge que el edicto contenía el título correspondiente de **"Emplazamiento por Edicto"**; identificaba la **Sala de Aguadilla**; consignaba el número de caso **AG2025CV00133**; incluía el nombre de la parte apelante en el epígrafe, **Ángel Torres Rosado t/c/p Ritchie Torres y otros**; e individualizaba a las partes apeladas emplazadas por ese mecanismo, a saber: **César Toledo Mantilla, José Ortiz Valentín, Aguadilla Pier Corp. y Carlos R. Román González**. Además, identificaba la naturaleza del pleito como uno sobre **daños y perjuicios**; incluía la información de contacto de la **Lcda. Wanda Valentín Custodio**, representación legal de la parte apelante; consignaba la fecha de expedición del edicto, **26 de junio de 2025**; e identificaba a la funcionaria que lo expidió, **Zuheily González Avilés**, Secretaria Auxiliar del Tribunal. Finalmente, el edicto advertía que la parte apelada tenía treinta (30) días para contestar la demanda y apercibía que, de no hacerlo, se le podría anotar la rebeldía y dictar sentencia en su contra sin más citarle ni oírle.

Por tanto, evaluado el edicto en su totalidad, concluimos que su contenido satisfizo sustancialmente los requisitos de la Regla 4.6(b) de Procedimiento Civil, *supra.*, por lo que no procedía declararlo nulo por insuficiencia el contenido. La controversia que subsiste se limita al trámite posterior requerido por la Regla 4.6, esto es, el envío de copia de la Demanda y del emplazamiento a la

última dirección conocida de los codemandados dentro de los diez (10) días siguientes a la publicación del edicto.

La parte apelante reconoció que utilizó correo certificado mediante el formulario PS Form 3817, *pero no acompañó acuse de recibo.* A su vez, sostuvo que las comunicaciones fueron enviadas a direcciones que, conforme al expediente, podían razonablemente conducir a notificar a Carlos R. Román González y Aguadilla Pier Corp., según la información disponible en los registros públicos del Departamento de Estado, *y que las cartas no fueron devueltas.* Los apelados, por su parte, cuestionaron la suficiencia del mecanismo utilizado y la efectividad del diligenciamiento.

Ante esos hechos, el Foro Primario concluyó que la ausencia de acuse de recibo invalidó el emplazamiento por edicto y que procedía la desestimación con perjuicio. No obstante, entendemos que dicha determinación fue prematura. Si bien la Regla 4.6 exige que el envío se realice por correo certificado con acuse de recibo, también es cierto que el expediente contiene evidencia de que la parte apelante realizó un envío certificado dentro del término correspondiente. Además, la normativa procesal permite enmendar defectos en el emplazamiento o en la constancia de su diligenciamiento cuando se trata de errores inofensivos y el emplazamiento fue suficientemente preciso para cumplir su función notificadora.

Por ello, la ausencia de acuse de recibo no necesariamente equivale, sin más, a ausencia de notificación. Tampoco permite concluir automáticamente que los apelados no recibieron la *Demanda* y el emplazamiento. Esa es precisamente la controversia probatoria que el Foro Primario debió atender antes de decretar la sanción más severa: la desestimación con perjuicio.

En esta etapa apelativa, el expediente no nos coloca en posición de resolver de manera definitiva si la notificación cursada

por correo certificado fue efectivamente recibida, si las direcciones utilizadas satisfacían el estándar de razonabilidad aplicable, o si la omisión del acuse de recibo podía ser subsanada. La ausencia de prueba suficiente sobre esos extremos impide una adjudicación final desde este Foro. *Tales asuntos requieren la celebración de una vista evidenciaria ante el Foro Primario*, donde las partes puedan presentar la prueba correspondiente y el TPI-Aguadilla pueda hacer las determinaciones de hechos necesarias.

Por tanto, concluimos que se cometieron *el segundo y tercer señalamiento de error* en la medida en que el Foro Primario invalidó el emplazamiento por edicto y desestimó con perjuicio la Demanda sin antes celebrar una vista evidenciaria.

**IV.**

Por los fundamentos antes expuestos, procedemos a *revocar* la *Sentencia* apelada y devolver el caso al Foro Primario para la continuación de los procedimientos conforme a la rebeldía previamente anotada a SJA Security Police, Inc., y para que celebre una vista en la cual el apelante pueda presentar prueba sobre el diligenciamiento del edicto de las restantes partes codemandadas.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones